**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern ___ District of ___ Texas
(State)

Case number (*If known*): ___ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Alea Holdings US Company |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | N/A |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 1 3 – 4 0 3 6 2 5 6 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 242 Trumbull Street, Suite 204 | 211 E. 7th Street, Suite 620 |
| Number     Street | Number     Street |
| | P.O. Box |
| Hartford     CT     06103 | Austin     TX     78701 |
| City     State     ZIP Code | City     State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number     Street |
| | |
| | City     State     ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | N/A |

Debtor      Alea Holdings US Company
            _____
            Name

Case number (*if known*)_____

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

❑ Partnership (excluding  LLP)

❑ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

❑ Railroad (as defined in 11 U.S.C. § 101(44))

❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))

❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))

❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)

❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5   5   1   1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❑ Chapter 7

❑ Chapter 9

☑ Chapter 11. *Check all that apply*:

❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☑ A plan is being filed with this petition.

❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

❑ Yes. District _____ When _____ Case number _____
                                      MM / DD / YYYY

        District _____ When _____ Case number _____
                                      MM / DD / YYYY

Debtor   Alea Holdings US Company
         _____              Case number (if known)_____
         Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

❑ No

☑ Yes.   Debtor   See attached Rider 1 _____   Relationship _____

         District _____   When _____
                                                              MM / D D / YYYY

         Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

❑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

❑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

❑ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

❑ It needs to be physically secured or protected from the weather.

❑ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

❑ Other _____

**Where is the property?**_____
                          Number          Street

                          _____

                          City                          State ZIP Code

**Is the property insured?**

❑ No

❑ Yes. Insurance agency _____

         Contact name _____

         Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

❑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
❑ 50-99
❑ 100-199
❑ 200-999

❑ 1,000-5,000
❑ 5,001-10,000
❑ 10,001-25,000

❑ 25,001-50,000
❑ 50,001-100,000
❑ More than 100,000

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page **3**

Debtor    Alea Holdings US Company
          _____          Case number (if known)_____
          Name

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☑ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

WARNING --  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/19/2026
              _____
              MM  / DD / YYYY

✗ _____DocuSigned by:_____        Peter Kravitz
  6B0C54C8C5564E0...                              _____
  Signature of authorized representative of debtor   Printed name

Title   Chief Restructuring Officer
        _____

**18. Signature of attorney**

✗ ___Duston Kenneth McFaul_____        Date   07/19/2026
  D783EE2CA5DF4DE...                                 _____
  Signature of attorney for debtor                   MM   / DD / YYYY

Duston K. McFaul
_____
Printed name
Sidley Austin LLP
_____
Firm name
1000        Louisiana Street, Suite 5900
_____
Number      Street
Houston                                      Texas      77002
_____     _____
City                                         State      ZIP Code

713-495-4500                                 dmcfaul@sidley.com
_____     _____
Contact phone                                Email address

24003309                                     Texas
_____     _____
Bar number                                   State

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page **4**

<table>
<tr><td colspan="3"><strong>Fill in this information to identify the case</strong>:</td></tr>
<tr><td colspan="3">United States Bankruptcy Court for the:<br><br> <strong>Southern District of Texas</strong> (State) </td></tr>
<tr><td>Case number <em>(if known):</em> _____</td><td>Chapter</td><td>11</td></tr>
</table>

☐ Check if this is an
amended filing

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Alea Holdings US Company.

- Alea Holdings US Company

- Alea Group Holdings (Bermuda) Ltd.

- FIN Alea LLC

*Execution Version*

**OMNIBUS OFFICER'S CERTIFICATE**
**OF**
**ALEA HOLDINGS US COMPANY**
**FIN ALEA LLC**

**July 15, 2026**

The undersigned, hereby confirm and certify (as applicable) on behalf of each Company, being the authorized signatories of each Company as of the date hereof, in such capacity and not individually, as follows:

1.      Attached hereto as <u>Exhibit A</u> is a copy of the resolutions adopted by the applicable governing body of each Company authorizing the commencement of a bankruptcy case under chapter 11 of title 11 of the United States Code and the taking of all actions in furtherance thereof.

[Signature Page Follows]

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of each Company hereto as of the date first written above.

By: _____

Name: Andrew Diaz-Matos

Title:   President and Chief Executive Officer

I, the undersigned, do hereby certify solely on behalf of each such Company and not in my individual capacity that Andrew Diaz-Matos is the duly elected and qualified President and Chief Executive Officer of each such Company and that the signature set forth above is the genuine signature of such person.

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of each hereto as of the date first written above.

By: _____

Name: Maryann Dean

Title:   Secretary

[SIGNATURE PAGE TO OMNIBUS OFFICER'S CERTIFICATE]

**EXHIBIT A**

**RESOLUTIONS**

See attached.

**ALEA HOLDINGS US COMPANY**

**July 13, 2026**

1. <u>**THE BANKRUPTCY CASES**</u>

Mr. Diaz-Matos reminded the Board that there have been concerns regarding the financial status of AHUSCO for some time and the Board is meeting to consider the best way forward.

In that regard, the Board has considered certain materials presented by, or on behalf of, the Company's management ("**Management**") and financial and legal advisors (collectively, the "**Advisors**"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business (the "**Materials**"). The Board has had adequate opportunity to consult with its Management and the Advisors regarding the Materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Company;

In particular, the Board has reviewed and considered one or more presentations by Management and the Advisors regarding the advantages and disadvantages of filing a voluntary petition for relief (the "**Bankruptcy Petition**") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), to commence chapter 11 cases (the "**Bankruptcy Cases**") of the Company and affiliates FIN Alea LLC and Alea Group Holdings (Bermuda) Ltd. (the "**Debtor Affiliates**") to pursue the restructuring transactions contemplated by that certain Restructuring Support Agreement (the "**RSA**") between the Company, the Debtor Affiliates, Catalina Finance LLP, as Agent under the Original Facility Agreement (each as defined below), and the holder / controlling entity of the majority of those certain trust preferred capital securities (the "**TruPS**"), to be effectuated pursuant to a chapter 11 plan of reorganization (the "**Plan**");

The Board noted that the Company is currently conducting an offer to purchase the TruPS for cash (the "**Tender Offer**"), which is subject to a condition of 100% acceptance (the "**Tender Condition**"), which Tender Offer has been held open through July 16, 2026;

The Board is advised that the Special Committee of the Board, in consultation with Management and the Advisors, has also reviewed and considered the proposed commencement of the Bankruptcy Cases, and the related filings and actions contemplated herein, and recommends that the Board approve such commencement, filings, and other actions if the Tender Condition is not satisfied on or before July 16, 2026;

As part of its deliberations, the Board has considered its fiduciary duties under applicable law in exercising its powers and discharging its duties, to act honestly and in good faith with a view to the best interests of the Company as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances; and

On this background, the Board has determined that it is advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest (collectively, "**Interested Parties**") to commence the Bankruptcy Cases in the event that the Tender Condition is not satisfied on or before July 16, 2026.

1

After discussion and upon motion duly made and seconded, it was:

**Resolved** that:

    a)   if the Tender Condition has not been satisfied on or before July 16, 2026, any officer, director or other authorized person of the Company, and Peter Kravitz (as ChiefRestructuring Officer of the Company), who is specifically authorized by these resolutions (each, an "**Authorized Person**") be, and hereby is, authorized to execute and file on behalf of the Company, all petitions, schedules, lists, and other motions, papers, or documents necessary or desirable to the Bankruptcy Cases, including, but not limited to:

- the Bankruptcy Petition for the Company under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court, to be filed on or before July 19, 2026;
- an omnibus motion for relief to permit the Company to operate in the ordinary course;
- a motion to permit the use of cash which constitutes Collateral of the Lenders under the Amended and Restated Facility Agreement and access to additional financing under the Amended and Restated Facility Agreement during the Bankruptcy Cases, in each case pursuant to a Financing Order (each as defined and further described below);
- a motion to authorize the private sales of the Company's subsidiaries Alea North America Insurance Company and National American Insurance Company of California;
- the Plan and related Disclosure Statement and related motion seeking approval to solicit votes on the Plan and seek confirmation of the Plan; and
- procedural motions to provide for the efficient administration of the Bankruptcy Cases; (collectively, the "**Bankruptcy Papers**")

on terms substantially similar to those presented to the Board, along with any amendments or modifications thereto as any Authorized Person shall deem necessary, appropriate, or advisable, the approval of which shall be conclusively established by the execution and delivery thereof, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company; and

    b)   each of the Authorized Persons be, and hereby is, authorized to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general restructuring counsel; (ii) Province LLC, as restructuring advisor; (iii) Omni Agent Solutions Inc., as claims, noticing, and solicitation agent; (iv) Greenberg Traurig, LLP, as special committee counsel (in the discretion of the special committee); and (v) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or

2

advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

2. **AMENDMENT AND RESTATEMENT AGREEMENT**

In addition, the Company has been engaged in negotiations with Catalina Finance LLP, as agent, on access to additional financing in connection with the Bankruptcy Cases and the Plan, and in that regard seeks to enter into an amendment and restatement of that certain Revolving Facility Agreement, dated as of July 25, 2023 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time prior to the date hereof, the "**Original Facility Agreement**"; capitalized terms used herein but not otherwise defined herein shall have the meanings assigned to such terms in the Amended and Restated Facility Agreement (as defined below)), among FIN Alea LLC, a Texas limited liability company (the "**Parent**"), the Company, the financial institutions from time to time party thereto (the "**Lenders**"), Catalina Finance LLP, as agent of the Finance Parties (in such capacity, the "**Agent**") and as security trustee for the Secured Parties (in such capacity, the "**Security Trustee**"), pursuant to which the Lenders made available to the Company certain credit facilities on the terms and conditions set forth in the Original Facility Agreement;

The Company has guaranteed the obligations of each of the other Obligors under the Finance Documents and entered into that certain Collateral Agreement, dated as of July 25, 2023 (as amended, the "**Collateral Agreement**"), by and between the Company and Catalina Finance LLP, as collateral agent for itself and the Secured Parties (as defined in the Collateral Agreement) (in such capacity, the "**Collateral Agent**") and granted to the Collateral Agent for the benefit of itself and the Secured Parties, a first priority security interest in and lien upon all or substantially all of its personal property and certain of its real property to secure such obligations;

The Board has considered the terms and conditions of that certain Amendment and Restatement Agreement, dated on or around the date hereof (the "**Amendment and Restatement Agreement**"), by and among the Company, the Parent, and Catalina Finance LLP, as the Original Lender, the Agent and the Security Trustee, pursuant to which the parties desire to amend and restate the Original Facility Agreement on the terms and conditions set forth in the Amendment and Restatement Agreement to, among other things, (i) increase the Commitment principal amount under the Original Facility Agreement by USD 35,000,000 (the "**2026 Second Additional Commitment**"); (ii) permit the Bankruptcy Cases and the pursuit of the Plan; (iii) permit the use of cash during the Bankruptcy Cases which constitutes Collateral under the Amended and Restated Facility Agreement, and access to additional financing under the Amended and Restated Facility Agreement during the Bankruptcy Cases, in exchange for the provision of adequate protection claims and liens pursuant to an order to be entered by the Bankruptcy Court (the "**Financing**

3

**Order**"); and (iv) make such other amendments as set out therein (the Original Facility Agreement, as amended and restated by the Amendment and Restatement Agreement, the "**Amended and Restated Facility Agreement**");

As a condition to the 2026 Second Additional Commitment, the Lenders have required the Company and Parent to enter into that certain Security Reaffirmation Agreement, dated on or around the date hereof (the "**Security Reaffirmation Agreement**"), by and among the Company, the Parent, the Agent and the Security Trustee, to among other things, reaffirm the grant of security under the Collateral Agreement and the Transaction Security under the US Security Documents (as defined in the Amendment and Restatement Agreement);

The Company will receive direct and indirect benefits as a result of the transactions contemplated by the Amendment and Restatement Agreement, the Amended and Restated Facility Agreement, the Financing Order, the Security Reaffirmation Agreement and the other **Additional Amendment Documents**[1]; and

The Board, having been informed of and considered:

- the Materials (as noted above); and

- all material terms and conditions of the Amendment and Restatement Agreement, the Amended and Restated Facility Agreement, the Security Reaffirmation Agreement and the other Additional Amendment Documents to which the Company is a party, and the Financing Order,

in the exercise of their judgment, deem the execution and delivery of the Amendment and Restatement Agreement, the Amended and Restated Facility Agreement, the Security Reaffirmation Agreement and the other Additional Amendment Documents to which the Company is a party, the performance of the Company's obligations thereunder and the consummation of the transactions contemplated thereby, including under the Financing Order, to be advisable, fair to and in the best interests of, the Company, its interest holders, its subsidiaries, and other parties in interest.

---

[1] The "Additional Amendment Documents" are: the Collateral Agreement and other applicable Finance Documents and all other documents, including but not limited to any hedging or security documents connected thereto, intra-group loan agreements, deeds, instruments, agreements, shareholder resolutions, powers of attorney, notices (including but not limited to selection notices, howsoever defined), requests (including but not limited to any utilization requests or any drawdown requests, howsoever defined), payment direction letters, fee letters, process agent appointment letters, acknowledgments, memoranda, statements or certificates (including but not limited to any director's/formalities certificates) as may be ancillary, necessary, desirable, required or requested in connection with the Amended and Restated Facility Agreement, the Amendment and Restatement Agreement, the Security Reaffirmation Agreement and any documents or agreements contemplated thereby.

After discussion and upon motion duly made and seconded, it was:

**Resolved** that:

the terms and conditions, execution and delivery or filing by any Authorized Person, and the Company's performance and consummation of:

- the Amended and Restated Facility Agreement;

- the Amendment and Restatement Agreement;

- the Security Reaffirmation Agreement;

- the motion seeking approval of the Financing Order and the Financing Order; and

- the other Additional Amendment Documents;

(collectively, the "**A&R Facility Documents**")

in substantially the form previously submitted to the Board, be, and they hereby are, in all respects, authorized, approved and declared advisable and fair to, and in the best interest of, the Company.

3. **GENERAL AUTHORIZATION**

After discussion and upon motion duly made and seconded, it was:

**Resolved** that:

in addition to the specific authorizations heretofore conferred upon the Authorized Persons, and subject to the conditions set forth in these resolutions, any Authorized Person either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is authorized to:

a) execute, acknowledge, deliver, and file any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds and other documents on behalf of the Company relating to the Bankruptcy Cases or the Amended and Restated Facility Agreement; and

b) take any and all actions, including, without limitation, (i) the negotiation, execution, delivery and filing of any agreements, certificates or other instruments or documents, (ii) the modification or amendment of any of the terms and conditions of the Bankruptcy Papers or, subject to the consent requirements set forth in the Amended and Restated Facility Agreement, the A&R Facility Documents, (iii) the payment of any consideration, and (iv) the payment of indemnities, fees (including filing fees), expenses and taxes;

5

as any such Authorized Person may deem necessary, appropriate or advisable in order to effect the transactions contemplated under these resolutions, as the Company itself may lawfully do, in accordance with its governing documents and applicable law.

And it being further **resolved** that:

all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.

6

## EQUITY SECURITY HOLDERS

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| FIN Alea LLC | 211 E. 7th Street, Suite 620 Austin, TX 78701 | 100% |

v.

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), attached hereto as **Exhibit A** is an organizational chart reflecting the ownership interests in Alea Holdings US Company and its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**"), the Debtors respectfully represent as follows:

1.  Catalina Holdings (Bermuda) Ltd., a non-Debtor, directly owns 100% of the outstanding equity interests in Catalina Beta Ltd., a non-Debtor.

2.  Catalina Beta Ltd., a non-Debtor, directly owns 100% of the outstanding equity interests in Debtor Alea Group Holdings (Bermuda) Ltd.

3.  Debtor Alea Group Holdings (Bermuda) Ltd. owns 100% of outstanding equity interests in Debtor FIN Alea LLC.

4.  Debtor FIN Alea LLC owns 100% of outstanding equity interests in Debtor Alea Holdings US Company.

5.  To the best of the Debtors' knowledge and belief, except as set forth above, no other corporation directly or indirectly owns 10% or more of the outstanding equity interests in any Debtor.

v.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Alea Holdings US Company___

United States Bankruptcy Court for the: ___Southern___   District of ___TX___
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration___List of Equity Security Holders, Consolidated Corporate Ownership Statement___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___07/19/2026___
MM / DD / YYYY

✗ _____
Signature of individual signing on behalf of debtor

Peter Kravitz
_____
Printed name

Chief Restructuring Officer
_____
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**