**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ALEA HOLDINGS US COMPANY, *et al.*,[1] | Case No. 26-90714 (CML) |
| Debtors. | (Joint Administration Requested)<br>(Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
THE DEBTORS TO (A) FILE A CONSOLIDATED (1) CREDITOR MATRIX AND
(2) TOP THIRTY CREDITORS LIST, (B) REDACT CERTAIN PERSONAL
INFORMATION; (II) APPROVING FORM AND MANNER OF NOTIFYING
CREDITORS OF COMMENCEMENT OF CHAPTER 11 CASES; AND (III)
GRANTING RELATED RELIEF**

> **Emergency relief has been requested.  Relief is requested not later than 2:30 p.m. (prevailing Central Time) on July 20, 2026.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding Paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on July 20, 2026 at 2:30 p.m. (prevailing Central Time).**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's home page.  The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification numbers, are: Alea Holdings US Company (6256); Alea Group Holdings (Bermuda) Ltd. (N/A); and FIN Alea LLC (7772).  The Debtors' service address is 211 E. 7th Street, Suite 620, Austin, TX 78701.

Alea Holdings US Company ("AHUSCO"), and its debtor affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this motion (this "Motion").  In support of this Motion, the Debtors submit the *Declaration of Peter Kravitz in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.[2]  In further support of this Motion, the Debtors state as follows:

## Relief Requested

1.      Pursuant to sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Section F of the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures"), the Debtors seek entry of an order substantially in the form attached hereto: (i) authorizing the Debtors to (a) file a consolidated (1) list of creditors (the "Consolidated Creditor Matrix") in lieu of submitting a separate mailing matrix for each Debtor and (2) list of the Debtors' thirty (30) largest unsecured creditors (the "Consolidated Top 30 Creditors List") in lieu of submitting a separate list for each Debtor, (b) authorizing the Debtors to redact certain personal identification information therein; (ii) approving the form and manner of notification to creditors of the commencement of these chapter 11 cases; and (iii) granting related relief.

## Jurisdiction

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of*

---

[2]     Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

*Texas*, dated May 24, 2012.   This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Debtors confirm their consent to the Court's entry of a final order to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory and other bases for the relief requested in this Motion are sections 105(a), 107(c), and 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 6003, and Section F of the Complex Case Procedures.

### Background of the Debtors

5.      The Debtors are holding companies, whose purpose is to hold and manage insurance subsidiaries.  The Debtors oversee their subsidiaries' performance of  a variety of activities, including but not limited to, establishing reserves, negotiating settlements, and paying outstanding insurance claims.

6.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under sections 101–1532 of the Bankruptcy Code in the Court.  Additional information regarding the Debtors' business, capital structure, and the circumstances preceding the Petition Date may be found in the First Day Declaration.

### Basis for Relief Requested

**I.      Authorizing the Debtors to File a Consolidated Creditor Matrix and a Consolidated Top 30 Creditor List is Warranted Under the Circumstances of These Chapter 11 Cases**

7.      Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules, D, E/F, G, and H."  Fed. R. Bank. P. 1007(a)(1).  Because the preparation of separate lists of creditors for each Debtor would be

administratively burdensome and duplicative because the Debtors' handful of creditors are largely identical, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors.  Such relief is permitted by Section F, Rule 14(a) of the Complex Case Procedures.

8.      For similar reasons, the Debtors also seek relief with respect to the list of largest unsecured creditors required under Bankruptcy Rule 1007(d), pursuant to which a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders[.]"  Fed. R. Bankr. P. 1007(d).  The Complex Case Procedures require the lead debtor in a jointly administered complex case to "file a single, consolidated list of unsecured creditors on Official Form 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors."  *See* Complex Case Procedures, Section F, par. 14(a).  Consistent with Section F, paragraph 14(a) of the Complex Case Procedures, the Debtors request authority to file the Consolidated Top 30 Creditors List for all Debtors.  For the avoidance of doubt, and although they reserve the right to do so in the future, the Debtors are not requesting authority pursuant to this Motion to (i) file consolidated schedules of assets and liabilities and statements of financial affairs or (ii) substantively consolidate the Debtors.

9.      Similarly, to the extent the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appoints any statutory committee(s) in these chapter 11 cases, the Debtors request that the Court direct the U.S. Trustee to appoint a single committee for all of the Debtors.  As such, a consolidated list of the Debtors' largest creditors would better represent the Debtors' most significant unsecured creditors and, therefore, would be appropriate.

## II.      Redaction of Individuals' Personal Identifying Information is Warranted

10.      Rule 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules") acknowledges that "[c]ertain documents are routinely redacted to remove personal identifying information or other content that is not relevant to a decision by the

Court," and, "[i]n those instances," provides that "(i) the document may be filed in redacted form only; (ii) no document should be filed that contains the redacted information; and (iii) the balance of this Rule 5003-1 [sic] does not apply." Bankr. L.R. 9037-1(b). As a result, the Debtors believe that they already have the authority to redact personal identifying information from documents filed with the Court in these chapter 11 cases. Nevertheless, out of an abundance of caution, the Debtors respectfully seek entry of an order authorizing the redaction of personal identifying information from any document filed or to be filed with the Court in these chapter 11 cases, so as to protect individuals and to prevent the Debtors from potentially violating applicable data privacy and protection laws or regulations.

11. Section 107(c) of the Bankruptcy Code enables the Court to issue orders that protect parties from the potential harm that could result from disclosing personal identifying information:

> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or unlawful injury to the individual or the individual's property:
>
> > (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed in a case under this title.
> >
> > (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1). Title 18 of the United States Code defines "means of identification" as:

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including
>
> *any*—
>
> > (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number.

18 U.S.C. § 1028(d)(7) (emphasis added).

12.     While transparency is important to the judicial process, Congress recognized a counterbalancing interest in enacting section 107(c)(1) of the Bankruptcy Code: the need to protect the identities and privacy of individuals who have dealings with debtors.  The language of both statutes cited above demonstrates Congress's desire for courts to have flexibility to protect individuals' identities.  Section 107(c)(1)(B) of the Bankruptcy Code allows a bankruptcy court to shield "[o]ther information" apart from "means of identification," and the definition of "means of identification" is itself a non-exhaustive list of personal identifying information.  *See* 2 Collier on Bankruptcy ¶ 107.04 (16th ed. 2026); *see also* Hr'g Tr. at 37:25–38:5, *In re THG Holdings LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) [Docket No. 180] ("I think [that the list in 18 U.S.C. § 1028(d) is] an inclusive list.  It wouldn't seem to make much sense that I could order the names [of individuals] not to be disclosed, but [their] addresses had to be; that wouldn't make any sense to me.").  Accordingly, although an individual creditor's home address is not explicitly enumerated as a "means of identification," it is nevertheless within the broad scope of section 107(c)(1)(B) of the Bankruptcy Code and should be protected to avoid risks of, among other things, identity theft, domestic violence, harassment, stalking, or phishing scams.  *See In re Endo Int'l plc*, 2022 WL 16640880, at *10 (Bankr. S.D.N.Y. Nov. 2, 2022) ("The Court can take judicial notice of the fact that identity theft is a world-wide problem."); *see also* Creditor Matrix Motion, *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [Docket No. 4] (explaining that an abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the case to locate the employee at a previously undisclosed address, forcing the employee to relocate again); *see also* Notice of Phishing Attempts, *In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Nov. 30,

2022) [Docket No. 1527] (noting that customers of a cryptocurrency company received phishing emails from purported legal advisors to the debtors).

13.      The risk of identity theft or injury to innocent individual creditors of the Debtor outweighs the presumption in favor of public access to judicial records and papers, or concerns of judicial efficiency.  *See In re Endo Int'l plc,* 2022 WL 16640880, at *11 (holding that privacy interests outweighed presumption of public access).  There is minimal, if any, benefit to the public disclosure of individual creditors' personal information in this chapter 11 case.  *In re Genesis Global Holdco, LLC*, 652 B.R. 618, 643 (Bankr. S.D.N.Y. 2023) (no public interest in the personal information at issue in motion to redact creditor matrix and other filings)

14.      In this case, cause exists under section 107(c) to redact the personally identifying information of individuals and other natural persons, including individuals who are employees or former directors, officers, individual service providers, or beneficial holders in the capital structure of the Debtors, because such information could be used to perpetuate identity theft or create other risks to the individuals' safety and welfare.  The Debtors propose to provide an unredacted version of the Creditor Matrix, the list of equity security holders, the schedules of assets and liabilities and the statement of financial affairs (the "Schedules and Statements") to the Court, the U.S. Trustee, and to any official committee of unsecured creditors appointed in these chapter 11 cases.  The Debtors believe such procedures would be fair, would not impair the rights of any parties, and are within the bounds of this Court's prior decisions.  Accordingly, the Debtors ask the Court to enter an order authorizing the redaction of personally identifying information as set forth herein.

15.      Additionally, as part of the filing of these chapter 11 cases, the Debtors, as holding companies, may be required to provide notice to certain non-Debtor affiliate parties, state regulators, and certain affiliates' creditors.  For example, non-Debtor affiliate Catalina U.S.

Insurance Services LLC ("CUSIS"), provides personnel, tax, and audit services, among other services to AHUSCO.  The Debtors may be required to provide notices to CUSIS employees who work on behalf of the Debtors.  To the extent Debtors must provide notices to such parties (and file a related affidavit of service), the Debtors ask the Court to enter an order authorizing the redaction of personally identifying information as set forth herein.

16.     The Debtors propose to provide unredacted versions of the Consolidated Creditor Matrix, Schedules and Statements, the list of equity security holders, any related affidavits of service, and any other filings redacted pursuant to the proposed Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) Omni Agent Solutions, Inc., ("Omni") as the proposed claims and noticing agent (the "Claims and Noticing Agent"), and (e) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases and that represents that the unredacted version(s) will be maintained in confidence, *provided* that Debtors reserve the right to withhold the unredacted version(s) from a party in interest, subject to an order from the Court.  In each case, the release of the unredacted version(s) would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under any privacy or data protection law or regulation.

**III.     Service of Notice of Commencement of These Chapter 11 Cases**

17.     Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases.  Specifically, Bankruptcy Rule 2002(a) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code."  Fed. R. Bankr. P. 2002(a)(1).  Bankruptcy Rule 2002(f) provides that such notice of the order for relief shall be sent by mail to all creditors.  *See* Fed. R. Bankr. P. 2002(f).

18.     The Debtors propose to serve, through the Claims and Noticing Agent, and as part of the Debtors' solicitation package for the Debtors' chapter 11 plan, the notice of commencement substantially in the form attached as **Exhibit 1** to the Order (the "Notice of Commencement") to (i) the Consolidated Creditor Matrix, (ii) all holders of claims and interests of record, (iii) counsel to the Plan Sponsor (as defined in the Plan), (iv) counsel to the Consenting Capital Securities Holders (as defined in the Plan), (v) the U.S. Trustee, and (vi) the Official Committee of Unsecured Creditors, if any, to advise them of commencement of these chapter 11 cases and the section 341 meeting of creditors.[3]  Because the majority of the Debtors' creditors are shared among the Debtors, service of the Notice of Commencement on the Consolidated Creditor Matrix will not only prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Consolidated Creditor Matrix, but also preserve judicial resources and prevent creditor confusion through the efficient service of critical information. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted and proper in these chapter 11 cases.

19.     For the benefit of holders of Capital Securities (as defined in the Plan) that are held in "street name" by brokers, banks, commercial banks, trust companies, dealers, or other agents or nominees (collectively, the "Nominees") at the Depository Trust Company ("DTC") on behalf of underlying beneficial holders, the Debtors will post the Notice of Commencement to the Legal and Tax Notice System (the "Legal Notice System") of DTC, a service which is available to Nominees who use the DTC system, or similar national publication and post notice of the filing to DTC's Legal Notice System, which is accessible by Nominees.

---

[3]     References to notice to the Plan Sponsor or Consenting Capital Securities Holders referred to in other pleadings or papers filed in this Court shall be as defined in the Plan unless otherwise specified.

20.     In addition, the Debtors propose to publish, within five (5) business days after entry of the Order or as soon as practicable thereafter, the Notice of Commencement once in the national edition of the *New York Times* and the *Houston Chronicle* in substantially the form attached as **Exhibit 2** to the Order.  The Debtors submit that publication of the Notice of Commencement by mail in the manner set forth herein is the most practical method by which to notify those creditors and other parties in interest who do not receive the Notice of Commencement by mail notifying them of the commencement of these chapter 11 cases and constitutes an efficient use of the estates' resources.

## Emergency Consideration

21.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  The failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations and significantly impact the Debtors' ability to swiftly and efficiently move forward with value-maximizing transactions.

22.     Accordingly, the Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

23.     The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee; (b) the holders of the thirty (30) largest unsecured claims against the Debtors; (c) counsel to the Plan Sponsor; (d) counsel to the Consenting Capital Securities Holders; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the state attorneys general for states in which the Debtors conduct business; and (h) any party that has

requested notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no other or further notice need be given.

The Debtors request entry of an order, substantially in the form attached hereto granting the relief requested herein and granting such other relief as is just and proper.

Dated: July 19, 2026
Houston, Texas

/s/ Duston K. McFaul
**SIDLEY AUSTIN LLP**
Duston K. McFaul (TX Bar No. 24003309)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
Facsimile:  (713) 495-7799
Email: dmcfaul@sidley.com

*and*

Stephen E. Hessler (*pro hac vice* pending)
Ameneh Bordi (*pro hac vice* pending)
Jonathan E. Mitnick (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: shessler@sidley.com
        abordi@sidley.com
        jemitnick@sidley.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).


*/s/ Ameneh Bordi*
Ameneh Bordi

**Certificate of Service**

I certify that, on July 19, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


*/s/ Ameneh Bordi*
Ameneh Bordi