**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ALEA HOLDINGS US COMPANY, *et al.*,[1] | Case No. 26-90714 (CML) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE**
**PRIVATE SALE OF THE ANAIC AND NAICC EQUITY INTERESTS**
**FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS,**
**AND ENCUMBRANCES AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on August 17, 2026 at 2:00 p.m. (prevailing Central Time).**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.   Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's home page.  The meeting code is "JudgeLopez." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification numbers, are: Alea Holdings US Company (6256); Alea Group Holdings (Bermuda) Ltd. (N/A); and FIN Alea LLC (7772).  The Debtors' service address is 211 E. 7th Street, Suite 620, Austin, TX 78701.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[2]

## Relief Requested

By this Motion, and pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors request entry of orders, substantially in the forms attached hereto (the "Sale Orders"): (a) approving the private sale of Debtor AHUSCO's (as defined below) equity interests in its non-debtor subsidiaries Alea North America Insurance Company and National American Insurance Company of California free and clear of all liens, claims, interests, and encumbrances, and (b) granting related relief.  In support of this Motion, the Debtors submit the *Declaration of Peter Kravitz in Support of (A) Debtors' Motion for Entry of an Order (I) Approving the Private Sale of the ANAIC and NAICC Equity Interests Free and Clear of Liens, Claims, Interests, and Encumbrances and (II) Granting Related Relief; and (B) Debtors' Motion to (I) File Exhibits to Private Sale Motion Under Seal, and (II) Redact Certain Commercially Sensitive Information* (the "Private Sale Declaration") attached hereto as **Exhibit A**.

## Preliminary Statement

1.      Alea Holdings US Company ("AHUSCO") is a holding company with three primary non-debtor, operating insurance subsidiaries, including Alea North America Insurance Company ("ANAIC") and National American Insurance Company of California ("NAICC").

2.      At various times over the several years prior to the Petition Date, AHUSCO conducted market scans for interested potential acquirors of ANAIC and NAICC, and engaged

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the SPAs (as defined below), which are attached hereto as **Exhibit 1** and **Exhibit 2**, under seal (see footnote 3), or the First Day Declaration (as defined below).

with multiple prospective purchasers over this several-year process. ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

3.      ███████████████████████████████████████████. AHUSCO

has entered into (a) a stock purchase agreement to sell ANAIC (such stock purchase agreement,

the "ANAIC SPA") to ██████████████████████, a third party U.S.-based

specialty insurance and reinsurance holding company (the "ANAIC Purchaser") and (b) a stock

purchase agreement to sell NAICC (such stock purchase agreement, the "NAICC SPA", and

together with the ANAIC SPA, the "SPAs")[3] to ████████████████, a third party U.K.-

based international insurance and reinsurance group (the "NAICC Purchaser", and together with

the ANAIC Purchaser, the "Purchasers").  Each of these transactions is subject to regulatory

approval, which is expected to be received by ██████████████.

4.      The Debtors believe that the proposed private sales of the equity interests in ANAIC

and NAICC (the "ANAIC Equity" and "NAICC Equity", respectively, and collectively, the

"Equity Interests") pursuant to the SPAs (the "Private Sales") are in the best interests of the

Debtors' estates and creditors.  The proposed Private Sales are the culmination of comprehensive,

years-long prepetition marketing processes, each of which resulted in proposed sales with the

Purchasers ████████████████████████████████████████

████████████████.  A new sales process would likely substantially diminish the value of the

Equity Interests, ████████████████████████████████████████

---

[3]     The SPAs are filed under seal pursuant to the *Debtors' Motion to (I) File Exhibits to Private Sale Motion Under Seal, and (II) Redact Certain Commercially Sensitive Information*, filed contemporaneously herewith.

███████████████████████████████████████████████████

███████████████████████████████████████████.

5.      Accordingly, the Debtors submit that the Private Sales to the Purchasers pursuant to the SPAs are a sound exercise of their business judgment and respectfully seek entry of the Sale Orders authorizing the transactions contemplated under the SPAs and granting the relief requested herein.

## Jurisdiction and Venue

6.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Debtors confirm their consent to the Court's entry of a final order to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014.

## Background

**A.      General Background**

9.      The Debtors are holding companies, whose purpose is to hold and manage insurance subsidiaries.  The Debtors oversee their subsidiaries' performance of a variety of activities, including but not limited to, establishing reserves, negotiating settlements, and paying outstanding claims.

10. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under sections 101–1532 of the Bankruptcy Code in the Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have requested that the Debtors' chapter 11 cases (collectively, these "Chapter 11 Cases") be consolidated for procedural purposes only and be administered jointly pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1. Additional information regarding the Debtors' business, capital structure and the circumstances preceding the Petition Date may be found in the *Declaration of Peter Kravitz in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"). No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

**B.    ANAIC**

11. In 2014, non-debtor Catalina Holdings (Bermuda) Ltd., AHUSCO's indirect parent entity, acquired AHUSCO and ANAIC, an insurance business that had a legacy property and casualty insurance and reinsurance business and was in "run-off" (*i.e.*, had withdrawn from active underwriting and was merely administering claims). Debtor AHUSCO became the U.S. holding platform for ANAIC and holds 100% of its stock. Beginning several years ago, AHUSCO began a marketing process in which it sought to identify a purchaser for ANAIC, ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

12. On June 6, 2025, AHUSCO executed the ANAIC SPA, which provided for the sale of ANAIC to the ANAIC Purchaser for a final purchase amount to be determined in accordance with the terms of the ANAIC SPA, subject to regulatory approvals and other closing conditions. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████. The sale is expected to close in

███████████████, subject to approval of the Court.  Upon closing of the ANAIC sale, the

proceeds, which are currently estimated to be approximately ███████, will be subject to the

Facility Liens (as defined below) and deposited and applied in accordance with the Sale Orders

and the Financing Orders (as defined below).

    **C.**    **NAICC**

13.    In 2014, AHUSCO also acquired NAICC and currently holds 100% of its stock.

Similar to ANAIC, NAICC is an insurance company that previously wrote various forms of

insurance policies and has been in runoff since 2012.  AHUSCO has spent several years seeking a

purchaser for NAICC, ████████████████████████████████████████████

████████████████████████████   ████████████████████████████████

███████████████████████████████████████████████████████████████

████.

14.    On October 1, 2025, AHUSCO executed the NAICC SPA (as amended), which

provided for the sale of NAICC to the NAICC Purchaser for a final purchase amount to be

determined in accordance with the terms of the NAICC SPA.  ███████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████. The sale is also expected to close in ███

███████████████, subject to approval of the Court.  Upon closing of the NAICC sale, similar

to the ANAIC sale, the proceeds, which are currently estimated to be approximately ███████.

will be subject to the Facility Liens and deposited and applied in accordance with the Sale Orders and the Financing Orders.

**Summary of Proposed Terms of the SPA**

15.    The principal terms of each SPA are as follows:[4]

   a.    ANAIC SPA

| MATERIAL TERMS | | Location |
|---|---|---|
| **Parties** | **Seller**: AHUSCO, with Catalina Holdings (Bermuda) Ltd as Seller Parent<br><br>**Purchaser**: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as Purchaser Parent | ANAIC SPA Preamble and Recitals |
| **Purchase and Sale of Shares** | At closing, the Purchaser shall acquire from the Seller, and the Seller shall sell, transfer, and deliver to the Purchaser, all of the Seller's right, title, and interest in the shares of ANAIC, free and clear of all liens, claims, and encumbrances, in exchange for the consideration set forth in the ANAIC SPA. | ANAIC SPA §2.1 |
| **Purchase Price** | The aggregate consideration payable by the Purchaser shall consist of a cash amount equal to: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. | ANAIC SPA §2.2 |

---

[4]   The description of the SPAs provided herein are an overview of the significant terms of the documents. To the extent that the description of each SPA discussed in this Motion is inconsistent with the terms of such documents, the terms of each SPA shall govern. The SPAs and related agreements also provide for certain continuing obligations of affiliates of the Debtors, including CUSIS as a service provider of transition services and an affiliates entity of Catalina Holdings as a reinsurance provider. However, there are no obligations on or liabilities of AHUSCO in connection with the sales.

| | MATERIAL TERMS | Location |
|---|---|---|
| **Conditions to Closing** | The Purchaser's and Seller's respective obligations to complete the transactions set forth in the ANAIC SPA are subject to customary closing conditions, including that the Seller's and Purchaser's respective key representations are true in all material respects, the Seller and Purchaser, respectively, has complied with its material obligations under the agreement, and the Seller and Purchaser, respectively, has delivered a customary closing certificate confirming satisfaction of these conditions. | ANAIC SPA §10.1 |
| **Post-Closing Covenants** | Following the Closing Date, the Seller must: (1) take further action as necessary to carry out the express terms of the ANAIC SPA; (2) provide reasonable cooperation, documentation, and information as the ANAIC Purchaser may reasonably request in connection with governmental examination and/or audit, escheat reporting, or the transfer of ANAIC's bank accounts. | ANAIC SPA §§8.1, 8.2 |
| **Indemnification** | [REDACTED] | ANAIC SPA §§11.1, 11.2, 11.3 |

b.   NAICC SPA

| | MATERIAL TERMS | Location |
|---|---|---|
| **Parties** | **Seller**: AHUSCO, with Catalina Holdings (Bermuda) Ltd as Seller Parent<br><br>**Purchaser**: [REDACTED] | NAICC SPA Preamble and Recitals |

| MATERIAL TERMS | | Location |
|---|---|---|
| **Purchase and Sale of Shares** | At closing, the Purchaser shall acquire from the Seller, and the Seller shall sell, transfer, and deliver to the Purchaser, all of the Seller's right, title, and interest in the shares of NAICC, free and clear of all liens, claims, and encumbrances, in exchange for the consideration set forth in the NAICC SPA. | NAICC SPA §2.1 |
| **Purchase Price** | The aggregate consideration payable in cash to the Seller by the Purchaser shall be equal to ███████ ████████████████████████████████████████ | NAICC SPA §2.2 |
| **Conditions to Closing** | The Purchaser's and Seller's respective obligations to complete the transactions set forth in the NAICC SPA are subject to customary closing conditions, including that the Seller's and Purchaser's respective key representations are true in all material respects, the Seller and Purchaser, respectively, has complied with its material obligations under the agreement, and the Seller and Purchaser, respectively, has delivered a customary closing certificate confirming satisfaction of these conditions. | NAICC SPA §10.1 |
| **Post-Closing Covenants** | Following the Closing Date, the Seller must: (1) take further action as necessary to carry out the express terms of the NAICC SPA; (2) provide reasonable cooperation, documentation, and information as the NAICC Purchaser may reasonably request in connection with governmental examination and/or audit, escheat reporting, or the transfer of NAICC's bank accounts. | NAICC SPA §§8.1, 8.2 |
| **Indemnification** | ████████████████████████████████████████████████████████████████████████████████████████████████████████████ | NAICC SPA §§11.1, 11.2, 11.3 |

9

**Basis for Relief**

**I.     The Court Should Approve the Private Sale of ANAIC and NAICC and the Debtors' Entry into the SPAs as an Exercise of the Debtors' Sound Business Judgment.**

16.     Section 363 of the Bankruptcy Code authorizes a debtor to sell assets of the estate other than in the ordinary course of business and provides, in relevant part: "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1).

17.     Courts approve proposed sales of property pursuant to section 363 of the Bankruptcy Code if the transaction is supported by an articulated business justification. *See, e.g., In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011); *Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 263 (5th Cir. 2010) ("A sale of assets under [section] 363 is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business reasons."); *Inst. Creditors of Cont'l. Air Lines, Inc. v. Cont'l. Air Lines, Inc.* (*In re Cont'l. Air Lines*), 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty . . . there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.").

18.     If a valid business justification exists for the sale, a debtor's decision to sell property out of the ordinary course of business enjoys a strong presumption "that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in an honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)); *see also In re ASARCO, L.L.C.*, 650 F.3d at 601 ("The business judgment standard in section 363 is flexible and encourages discretion."); *GBL Holding Co. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 254 (N.D. Tex. 2005) ("Great judicial deference is given to the [debtor's]

10

exercise of business judgment" in approving a proposed sale under section 363).  Therefore, any party objecting to the proposed sale must show that the business judgment is "clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *GBH Holding Co.*, 331 B.R. at 255 (citing *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985)); *cf. In re Klairmont Korners, LLC*, No. 2:21-CV-00139, 2022 WL 2136902, at *13 (S.D. Tex. June 10, 2022) (debtor's business judgment decision in rejecting an executory contract "must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice'").

19.     In determining whether a proposed sale under section 363(b)(1) of the  Bankruptcy Code satisfies the "business judgment standard," courts consider the  following: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was given to interested parties; (c) whether the price is fair and reasonable; and (d) whether the parties have acted in good faith. *See*, *e.g.*, *In re N. Am. Techs. Group, Inc.*, 2010 Bankr. LEXIS 5834, *7 (Bankr. E.D. Tex. Aug. 16, 2010) (citing *In re Condere*, 228 B.R. 615, 626 (Bankr. S.D. Miss. 1998)).

20.     Here, (a) adequate justification exists for the approval of the Private Sales; (b) adequate and reasonable notice will be provided to the relevant parties; (c) the applicable purchase price under each SPA is fair and reasonable, and represents the highest and best offer that could reasonably be obtained for NAICC and ANAIC under the circumstances; and (d) the SPAs were negotiated at arm's length and in good faith with third-party Purchasers.

**II.     The Court Should Approve the Private Sales Without Requiring an Auction.**

21.     Bankruptcy Rule 6004(f)(1) permits sales conducted without an auction.  Fed. R. Bankr. P. 6004(f)(1) ("All sales not in the ordinary course of business may be by private sale or by public auction.").  Sales outside of an auction are appropriate where the debtor demonstrates that the proposed sale is permissible under section 363(b) of the Bankruptcy Code by articulating

a good business justification for the sale. *See In re Cypresswood Land Partners, I*, 409 B.R. 396, 436 (Bankr. S.D. Tex. 2009) ("[T]here is no prohibition against a private sale and there is no requirement that the sale be by public auction."). Courts have generally held that a debtor has broad discretion in determining the manner in which assets are sold. *In re TM Vill., Ltd.,* No. 18-32770-BJH, 2019 WL 1004571, at \*10 (Bankr. N.D. Tex. Feb. 28, 2019) (noting that "great judicial deference is given to the debtor's exercise of business judgment" in deciding the manner in which to sell assets). So long as a debtor maximizes the return to its estate, a court should defer to a debtor's business judgment regarding how to structure an asset sale. *See generally In re 9 Houston LLC*, 578 B.R. 600, 610 (Bankr. S.D. Tex. 2017) (finding that a private sale of the debtor's assets was in the best interest of the estate and the debtor articulated a sound business reason for the sale). Accordingly, if the Debtors conclude that conducting a sale without a public auction is in the best interests of their estates, the Debtors should be permitted to do so. *Id.*[5]

22.     There is a strong business justification for the private sales of NAICC and ANAIC without a postpetition marketing or auction process. Private Sale Decl. ¶ 17. As discussed above,

---

[5]   Courts in this district have approved private sales when a private sale would maximize value or is necessary under the circumstances. *See, e.g., In re Office Properties Income Trust*, No. 25-90530 (CML) (Bankr. S.D. Tex. Dec. 3, 2025) [Docket No. 241] (approving private sale of commercial real estate property); *In re Wolfspeed, Inc.,* No. 25-90163 (CML) (Bankr. S.D. Tex. Sep 8, 2025) [Docket No. 284] (authorizing the private sale of the debtors' assets as it was in the best interest of the debtors' estates); *In re Worldwide Machinery Group, Inc.*, No. 25-90379 (CML) (Bankr. S.D. Tex. Oct. 27, 2025) [Docket No. 246] (authorizing a private sale of substantially all of the debtors' assets without bidding procedures or an auction); *In re Sunnova Energy Int'l Inc.*, No. 25-90160 (ARP) (Bankr. S.D. Tex. June 11, 2025) [Docket No. 109] (approving private sale of certain of the debtor's assets).



. Private Sale Decl. ¶¶ 13, 17.

23.     Accordingly, the Debtors have determined, in the exercise of their business judgment, that consummation of the SPAs, ████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████, is in the best interests of the Debtors and their stakeholders.  Private Sale Decl. ¶ 18.  For the foregoing reasons, the Debtors submit that a strong business justification exists for approving the Private Sale and related relief requested herein.

## III.   NAICC and ANAIC Should be Sold Free and Clear of Liens, Claims, Interests, and Encumbrances Under Section 363(f) of the Bankruptcy Code.

24.     The Court should authorize the sale of the ANAIC Equity and NAICC Equity in accordance with Section 363(f) of the Bankruptcy Code.[6]  Specifically, section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests, and encumbrances in property of an entity other than the estate if:

(1)     applicable nonbankruptcy law permits the sale of such property free and clear of such interests;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or

---

[6]    The Court also may authorize the Private Sales of the Equity of NAICC and ANAIC free and clear of any liens pursuant to section 105 of the Bankruptcy Code, even if section 363(f) did not apply. *See Matter of Selby Farms*, 15 B.R. 372, 375 (Bankr. S.D. Miss. 1981) ("The power of the Bankruptcy Court to sell property free and clear of liens has long been recognized.") (citing *Van Huffel v. Harkelrode*, 284 U.S. 225, 227-28 (1931)).

equitable proceeding to accept a money satisfaction of its interest.

11. U.S.C. § 363(f).

25.     Because section 363(f) of the Bankruptcy Code is drafted "in the disjunctive," satisfaction of any one of its five (5) requirements will suffice to permit the sale of the equity "free and clear" of liens and interests.  *In re Nature Leisure Times*, LLC, No. 06-41357, 2007 WL 4554276, at *3 (Bankr. E.D. Tex. Dec. 19, 2007).

26.     The Debtors submit that the sales of the ANAIC Equity and NAICC Equity on a free and clear basis satisfy the requirements of section 363(f)(2) of the Bankruptcy Code.   In particular, to the extent any liens or security interests exist on the assets proposed to be sold pursuant to the Private Sales (*i.e.*, the ANAIC Equity and NAICC Equity), such liens are held by Catalina Finance LLP (the "Secured Party") in its capacities as lender, agent and security trustee under both the Prepetition Facility (as defined in the First Day Declaration) and, upon entry of the final Financing Order, the Postpetition Facility (as defined in the Financing Orders) (the liens securing the obligations under the Prepetition Facility and Postpetition Facility, the "Facility Liens").  The Secured Party has consented to the Private Sales solely in its capacities as lender, agent and security trustee, and has consented to the removal of its liens over the ANAIC Equity and NAICC Equity, exclusively to facilitate the consummation of the Private Sales, and strictly conditioned upon its liens  attaching with the same validity, priority, force, and effect as existed prior to such sale, to all proceeds derived from the Private Sales, without diminution, subordination, or impairment of any kind.[7]  Therefore, the Debtors request that the Private Sales

---

[7]     Such consent shall not be construed as a waiver of any rights, claims, or remedies of the Secured Party in any capacity, including in its capacities as prepetition lender, agent and security trustee under the Prepetition Facility, lender, agent and security trustee under the Postpetition Facility, any interim or final order of the Bankruptcy Court authorizing the use of cash collateral or the Secured Party to provide postpetition financing (each, a "Financing Order" and collectively, the "Financing Orders"), or applicable law, all of which are expressly preserved.  For the avoidance of doubt, the Secured Party's consent to the Private Sales is strictly limited to the

14

be authorized free and clear of all liens, claims, interests, and encumbrances on the ANAIC Equity

and NAICC Equity, with such liens, claims, interests, and encumbrances attaching to the proceeds

therefrom, subject in all respects to the terms and protections set forth in the Sale Orders and the

Financing Orders.[8]

**IV.     The Purchasers Should Be Entitled to the Protections of Section 363(m) of the Bankruptcy Code.**

27.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest

in property purchased from a debtor notwithstanding that the sale conducted under section 363(b)

is later reversed or modified on appeal.  Specifically, section 363(m) of the Bankruptcy Code

provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

28.     Although the Bankruptcy Code does not define "good faith," the Fifth Circuit has

determined that a good-faith purchaser is one who "purchases the assets for value, in good faith,

and without notice of adverse claims." *Hardage v. Herring Nat'l Bank*, 837 F.2d 1319, 1323 (5th

Cir. 1988) (internal citations omitted).  The good-faith status of a purchaser will only be destroyed

with evidence of fraud, collusion between the purchaser and other bidders or the trustee, or an

---

sale of the ANAIC Equity and NAICC Equity as expressly contemplated herein, and shall not be deemed to constitute consent to any other sale, transfer, or disposition of any other collateral, or to any other use of the proceeds thereof, nor shall it limit or impair any right of the Secured Party to enforce its liens or remedies with respect to any other collateral under the Prepetition Facility, Postpetition Facility or the Financing Orders.

[8]     The Debtors are not seeking any "free and clear" relief with respect to the underlying assets of ANAIC and NAICC.

attempt to take unfair advantage of the other bidders. *TMT Procurement Corp. v. Vantage Drilling Co.* (*In re TMT Procurement Corp.*), 764 F.3d 512, 521 (5th Cir. 2014).

29.     The Debtors request a finding that each Purchaser is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code.  The terms and conditions of each SPA have been negotiated by the Debtors and the Purchasers at arm's length and in good faith. Private Sale Decl. ¶ 15.  Neither the Debtors nor any of their current or former officers or directors have any connection with the Purchasers to the best of the Debtors' information and belief.  *Id*. Each Purchaser is a sophisticated party (and is represented by experienced and sophisticated counsel), and the Debtors believe that neither Purchaser has engaged in any conduct that would indicate or constitute a lack of good faith.  *Id*.  Accordingly, the Debtors believe that each of the Purchasers is entitled to the protections that section 363(m) of the Bankruptcy Code provides to a good faith purchaser.

30.     Based on the foregoing, the Debtors submit that they have demonstrated that the proposed sale is a sound exercise of the Debtors' business judgment and should be approved as a good faith transaction.

### Request for Bankruptcy Rule 6004 Waiver

31.     The Debtors request that the Court waive the 14-day stay provided in Bankruptcy Rules 6004(h) in the proposed order approving the Private Sales.  The relief requested herein is necessary to the Debtors' efforts to maximize value in the sale process and will not harm any parties in interest, who are all provided ample notice and an opportunity to appear and be heard. Accordingly, cause exists to justify the waiver of the 14-day stay imposed by Bankruptcy Rules 6004(h).

**Compliance with Bankruptcy Rule 6004(a)**

32.     To implement successfully the relief sought herein, the Debtors request that the Court find that notice of this Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances.

**Notice**

33.     Pursuant to Bankruptcy Rule 2002(a), the Debtors are required to provide their creditors with 21 days' notice of a proposal to use, sell, or lease property of the estate other than in the ordinary course of business.  Pursuant to Bankruptcy Rule 2002(c), such notice must include the date, time, and place of the sale hearing on the Motion (the "Sale Hearing"), and the deadline for filing any objections to the relief requested in this Motion.  Concurrent with the filing of this Motion (or as soon as practicable following the date on which the Sale Hearing is scheduled), the Debtors will serve the notice of sale hearing, in the form attached as **Exhibit D** to this Motion (the "Sale Hearing Notice"), by overnight mail; provided that to the extent email addresses are available for any of the foregoing parties, such parties will be served by email.

(a) the Office of the United States Trustee;

(b) the holders of the thirty (30) largest unsecured claims against the Debtors;

(c) counsel to the Plan Sponsor;

(d) counsel to the Consenting Capital Securities Holders;

(e) the United States Attorney's Office for the Southern District of Texas;

(f) the Internal Revenue Service;

(g) the state attorneys general for states in which the Debtors conduct business;

(h) each of the Purchasers;

(i) any party that has requested notice pursuant to Bankruptcy Rule 2002; and

17

(j) any other party entitled to notice pursuant to Bankruptcy Rule 2002 or Bankruptcy Local Rule 9013-1(d).

34.     The Notice of Sale Hearing includes, among other things, the proposed date, time and place of the Sale Hearing and the deadline for filing any objections to the relief requested in this Motion and therefore complies with Bankruptcy Rule 2002(c).   See Fed. R. Bankr. P. 2002(c)(1) (stating that the notice must contain "the terms and conditions of any private sale and the time fixed for filing objections."). The Debtors submit that the methods of notice in this Motion constitute good and adequate notice of the Private Sales, and in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Sale Orders, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as the Court deems appropriate under the circumstances.

Dated: July 20, 2026
Houston, Texas

/s/ *Duston K. McFaul*
**SIDLEY AUSTIN LLP**
Duston K. McFaul (TX Bar No. 24003309)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone:     (718) 495-4500
Facsimile:     (713) 495-7799
Email: dmcfaul@sidley.com

*and*

Stephen E. Hessler (*pro hac vice* pending)
Ameneh Bordi (*pro hac vice* pending)
Jonathan E. Mitnick (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: shessler@sidley.com
        abordi@sidley.com
        jemitnick@sidley.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that, on July 20, 2026, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Ameneh Bordi*
Ameneh Bordi